Filed 2/3/21  P. v. Stevens CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LASSELL STEVENS,<br><br>    Defendant and Appellant. | H047835<br>(Monterey County<br>Super. Ct. No. 19CR009436) |

Defendant Lassell Stevens pleaded no contest to inflicting corporal injury on a spouse or cohabitant and admitted a strike prior.  Consistent with the plea agreement, the trial court sentenced defendant to a four-year prison term.  On appeal, defendant's counsel filed an opening brief in which no issues are raised and asked this court to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436.  We sent a letter to defendant notifying him of his right to submit a written argument on his own behalf on appeal.  He has not done so.

Finding no arguable appellate issue, we affirm.  We will provide "a brief description of the facts and procedural history of the case, the crime[] of which the defendant was convicted, and the punishment imposed," as required by *People v. Kelly* (2006) 40 Cal.4th 106, 110.  We will further include information about aspects of the trial court proceedings that might become relevant in future proceedings.  (*Id*. at p. 124.)

## I.  BACKGROUND[1]

Shortly before midnight on August 30, 2019, defendant and his girlfriend got into an argument in the parking lot of a Salinas Safeway.  Defendant pulled his girlfriend's hair, punched her in the face, and kicked her legs in an effort to force her into their vehicle.  Once she got in, he drove away.  A witness called the police and followed defendant's vehicle until police arrived and conducted a traffic stop.  Defendant told police that there was a Domestic Violence Restraining Order against him that allowed him to have peaceful contact with his girlfriend.

In September 2019, the Monterey County District Attorney charged defendant with corporal injury to a spouse or cohabitant (Pen. Code, § 273.5, subd. (a); count 1)[2] and disobeying a court order (§ 273.6, subd. (a); count 2).  The complaint further alleged that defendant had suffered two prior strike convictions (§ 1170.12, subd. (c)(2)); had served seven prior prison terms (§ 667.5, subd. (b)); and had inflicted corporal injury on a spouse or cohabitant within seven years of being convicted of violating section 273.5 (§ 273.5, subd. (f)(1)).

On September 12, 2019, defendant pleaded no contest to count 1 (§ 273.5, subd. (a)) and admitted one strike prior in exchange for a four-year sentence and on the condition that he would be entitled to withdraw the admission to the strike prior at sentencing if evidence of its invalidity was produced.

At an October 29, 2019 sentencing hearing, the trial court imposed the stipulated four-year sentence, consisting of the low term of two years doubled by the strike.  The court imposed a $600 restitution fine (§ 1202.4, subd. (b)) with an additional $600 parole revocation fine, which was suspended pending successful completion of parole (§ 1202.45).  The court also imposed a $40 court operations assessment fee (§ 1465.8, subd. (a)(1)) and a $30 criminal conviction assessment fee (Gov. Code,

---

[1] The facts are taken from the probation officer's report.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

2

§ 70373).  The court awarded defendant a total of 120 days of presence credits, consisting of 60 days of actual custody and 60 days of conduct credits.  The court dismissed count 2 and struck the enhancement allegations.

Defendant asked trial counsel to file an appeal.  Trial counsel agreed and prepared a notice of appeal on December 11, 2019.  For unknown reasons, that notice of appeal was not filed in the superior court until February 3, 2020.  Because the notice of appeal was filed more than 60 days after judgment, this court ordered defendant to show cause why the appeal should not be dismissed as untimely.  (Cal. Rules of Court, rule 8.308(a).)  Based on defendant's response, we deemed the notice of appeal timely filed under the doctrine of constructive filing.  (*In re Benoit* (1973) 10 Cal.3d 72, 86.)

## II.    DISCUSSION

Having examined the entire record, we conclude that there are no arguable issues on appeal.

## III.    DISPOSITION

The judgment is affirmed.

                                         _____

                                         ELIA, ACTING P.J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

GROVER, J.

*People v. Stevens*
H047835